# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DOMINICK LAMAR FELDER,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMANTHA BRENNAN, [Former] Director, Department of Corrections Guam - Individual and Official Capacity, *et al.*,<br><br>    Defendants. | CIVIL CASE NO. 19-00140<br><br>**ORDER**<br>1. Denying Motion for Order to Show Cause (ECF No. 17) and<br>2. Denying Motion for Extension of Time to Complete Discovery (ECF No. 22) |

This matter is before the court on two motions filed by the Plaintiff: (1) a Motion for Order to Show Cause, ECF No. 17, and (2) a Motion for Extension of Time to Complete Discovery, ECF No. 22. The court issues the following Order denying the Plaintiff's motions.

**1.**     **Motion for Order to Show Cause**

On November 12, 2019, the Plaintiff, an individual incarcerated at the Guam Department of Corrections ("DOC"), filed a Motion for Order to Show Cause, asserting that he was moved to a more restrictive housing unit at DOC without any explanation or due process in retaliation for filing the Complaint herein against the Defendants. Mot. for OSC, ECF No. 17. The Plaintiff requested that the court issue an order to protect him against further retaliation from the Defendants and other DOC personnel and prevent them from "arbitrarily stripping [P]laintiff of his rights and privileges without due process or just cause." *Id.* at 3.

On February 13, 2020, the Defendants filed a response to the motion. Defs.' Opp'n, ECF No. 26. The Defendants asserted that the Plaintiff's transfer to the more restrictive housing unit was not done to retaliate against him but for his protection and safety. *Id.* at ¶5. The reasons for the

transfer were subsequently explained to the Plaintiff, and the Defendants state that he "agreed that it was best that he remain where he is." *Id.* at ¶8. Attached to the Opposition was the Declaration of Major Antone F. Aguon, and appended to the declaration was a written statement by the Plaintiff confirming that he did not want to return to his former housing unit at Post 17. *See* ECF No. 26-1, page 16.

The Plaintiff never filed a response to the Defendants' Opposition, although the court gave the Plaintiff until March 3, 2020, to file a reply. *See* Order, ECF No. 24.

Based on the information provided in the Defendants' Opposition, the court finds the Plaintiff's Motion for Order to Show Cause to be moot and accordingly denies said motion.

**2.      Motion for Extension of Time to Complete Discovery**

On January 28, 2020, the Plaintiff filed a Motion for Extension of Time to Complete Discovery (the "Motion to Extend"). ECF No. 22. Plaintiff requested an additional 60-day period to file responses to discovery requests propounded by the Defendants. The Plaintiff asserted that the extension was necessary because his transfer to the more restrictive housing unit made "it difficult to access or receive information" and because the Westlaw computer terminal at DOC has been inoperable. *Id.* at ¶¶3-4. The Plaintiff also renewed his request that the court appoint counsel to assist him. *Id.* at ¶6. He says "he does not fully understand the legal responses required of him" and he "does not understand how to accurately answer" the Defendants' discovery requests. *Id.*

On February 13, 2020, the Defendants filed an Opposition to the Plaintiff's motion. *See* ECF No. 25. The Defendants stated that on December 27, 2019, the Plaintiff was personally served with the following discovery requests: (a) Defendants' First Interrogatories to Plaintiff, (b) Defendants' First Request for Production of Documents, and (c), Defendants' First Request for Admissions. *Id.* at ¶1 and Exs. A-C thereto. The Defendants contended that most of the discovery requested would entail the same information and production of documents the Plaintiff would have had to voluntarily produce as initial disclosures but for the fact that the instant proceeding is exempt from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure. *Id.* at ¶6. *See also* Fed. R. Civ. P. 26(a)(1)(B)(iv). The Defendants maintained that the discovery sought is "directly relevant to the evidence the [P]laintiff would have to produce in order to respond to a motion for

summary judgment or prove his case at trial." *Id.* The Defendants asserted that the information sought is "critical" so that the Defendants can adequately prepare their defense against the claims brought by the Plaintiff. *Id.* The Defendants requested that the court order the Plaintiff to respond to their discovery requests no later than seven days from the date of the court's order. *Id.* at ¶7.

The Plaintiff did not file any response to the Defendants' Opposition.

The court has reviewed the discovery requests propounded by the Defendants. The court concurs with the Defendants that the discovery requests only seek relevant information within the Plaintiff's possession or control. The information sought does not require him to conduct computerized legal research in order to respond to the discovery requests. Accordingly, to the extent the Plaintiff has not yet responded to the discovery requests, the court orders the Plaintiff to provide the Defendants with his responses no later than October 30, 2020. The court warns the Plaintiff that failure to comply with this Order may result in the imposition of sanctions as authorized under Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Finally, with regard to the Plaintiff's renewed[1] request for the appointment of an attorney, the court previously advised the Plaintiff that "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). An appointment of counsel in a civil case requires a court to find that "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Additionally, a "finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Here, the court finds a lack of exceptional circumstances to warrant the need for appointed counsel.

Accordingly, the court denies the Plaintiff's Motion to Extend and his request for the appointment of counsel.

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Oct 14, 2020

---

[1] On January 30, 2020, Judge Manibusan denied the Plaintiff's Motion to Appoint Counsel. *See* Order, ECF No. 23.